UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MARCOS HERNANDEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:15-cv-51-TAV-CCS |
| JAMES HOLLOWAY, Warden, | ) | |
| Respondent. | ) | |

# **MEMORANDUM OPINION**

This pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 was filed on February 2, 2015 [Doc. 2]. On February 11, 2015, the Court ordered Petitioner to correct deficiencies in both his petition and application to proceed *in forma pauperis* [Doc. 3]. After Petitioner filed a new motion for leave to proceed *in forma pauperis*, the Court directed Respondent to file a response to the petition on February 10, 2017 [Doc. 6]. Respondent then filed a motion to compel the filing of a corrected § 2254 petition, stating that the petition failed to follow the form required by Rule 2(d) of the Rules Governing Section 2254 cases, as only the first and last page of the form were included in the petition [Doc. 8].

On December 4, 2017, the Court granted Respondent's motion to compel, and ordered Petitioner to file a complete form petition, in compliance with Rule 2 of the Rules Governing Section 2254 cases, within thirty days [Doc. 10 p. 2]. The Court advised Petitioner that "failure to comply with this Order within the allotted time frame may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order" [*Id.*].

More than thirty days have passed, and Petitioner has failed to submit a completed petition, or otherwise respond to the Court's order. Federal Rule of Civil Procedure 41(b) gives

this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to respond or comply can be attributed to his own willfulness or fault. Petitioner failed to file a completed § 2254 petition, despite being instructed by the Court to do so and being sent a preprinted form. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. "Pro se status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law." *Thorpe v. Ragozzine*, No. 1:07-cv-155, 2008 WL 1859878, at *1 (E.D. Tenn. Apr. 23, 2008) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). Accordingly, the Court finds that the first factor weighs in favor of dismissal.

The second factor does not weigh in favor of dismissal, as Respondent has not been prejudiced by the delay. However, the third factor clearly weighs in favor of dismissal, as Petitioner has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Petitioner filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Petitioner has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Petitioner's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Petitioner file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE